**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-1725**

─────────────

AMIR HUSSEIN HABIB IBRAHIM; M. A. IBRAHIM; M.
A. IBRAHIM; ESHRAGA SALAH MABROUK,

                                          Petitioners,

          versus

JOHN ASHCROFT, Attorney General of the United
States,

                                          Respondent.

─────────────

On Petition for Review of an Order of the Board of Immigration
Appeals. (A95-220-739; A95-220-740; A95-220-741; A95-220-742)

─────────────

Submitted:  December 10, 2004        Decided:  January 11, 2005

─────────────

Before WILKINSON, LUTTIG, and KING, Circuit Judges.

─────────────

Petition denied by unpublished per curiam opinion.

─────────────

Michael M. Hadeed, Jr., BECKER, HADEED, KELLOGG & BERRY, P.C.,
Springfield, Virginia, for Petitioners.   Peter D. Keisler,
Assistant Attorney General, Linda S. Wendtland, Assistant Director,
Edward C. Durant, OFFICE OF IMMIGRATION LITIGATION, Washington,
D.C., for Respondent.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Amir Hussein Habib Ibrahim ("Ibrahim"), his wife, Eshraga Salah Mabrouk, and their two minor children, citizens of Sudan, petition for review of an order of the Board of Immigration Appeals affirming, without opinion, the immigration judge's order denying Ibrahim's applications for asylum and withholding of removal. Ibrahim is the primary applicant for asylum; the claims of his wife and children are derivative of his application. See 8 U.S.C.A. § 1158(b)(3) (West 1999 & Supp. 2004); 8 C.F.R. § 1208.21(a) (2004).

In his petition for review, Ibrahim disputes the immigration judge's finding that he was firmly resettled in the United Arab Emirates. We have reviewed the administrative record and find no error in the immigration judge's conclusion that Ibrahim was firmly resettled and is thus ineligible for asylum. See 8 U.S.C. § 1158(b)(2)(A)(vi) (2000); Mussie v. INS, 172 F.3d 329, 331-32 (4th Cir. 1999). Ibrahim also takes issue with the immigration judge's finding that his claims lacked credibility and contends that he suffered past persecution and faces future persecution in Sudan due to his political beliefs. As the firm resettlement bar to asylum applies here and Ibrahim is therefore ineligible for asylum, we need not address these additional claims.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>